**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:12-00036** |
| | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| **MARSHALL ALLEN SIMMONS** | ) | |

## ORDER

This matter is before the Court upon Defendant's "Motion for Permission to Marry" (Docket No. 28), which Judge Campbell has referred to the undersigned for decision (Docket No. 29).

Defendant was arrested on January 13, 2012, pursuant to a Complaint and Warrant. Docket Nos. 1, 2, 4. The undersigned subsequently held a Detention Hearing and detained Defendant. Docket No. 18. According to the instant Motion, Defendant is incarcerated in the Warren County Jail.

In the Motion, Defendant Simmons requests the Court's permission to get married while in detention. Defendant states in the Motion that "any expenses related to this ceremony must be borne by him or his family, and that he would be responsible for obtaining the marriage certificate and handling any other documentation." Docket No. 28, p. 1. Defendant suggests that the marriage ceremony could take place on March 19, 2012, when he is brought to Court for a hearing in the instant case.

The Motion further states, "Counsel has inquired with the Government, which states that it takes no position one way or the other on the matter." Docket No. 28, p. 2.

As the U.S. Supreme Court has stated:

> The freedom to marry has long been recognized as one of the vital
> personal rights essential to the orderly pursuit of happiness by free
> men.[1]  Marriage is one of the "basic civil rights of man,"
> fundamental to our very existence and survival.

*Loving v. Virginia,* 388 U.S. 1, 12 (1967) (citations omitted, footnote added).

Because marriage is such a fundamental right, it is unlikely that Defendant needs the Court's permission in order to get married.  The Court can, however, impose reasonable time, place, and manner restrictions on the marriage ceremony itself.  Thus, to the extent that it is necessary and appropriate, Defendant's "Motion for Permission to Marry" (Docket No. 28) is GRANTED.

The instant Motion provides three options for handling the marriage ceremony itself:

> (1) the Court could give permission for a member of the clergy to
> enter the lock-up facility to conduct the ceremony there;
>
> (2) the Court could assign it to a magistrate judge to do; or
>
> (3) the Court itself could perform the ceremony.
>
> [Defendant] would respectfully request that the Court grant one of
> these options, or otherwise state how the ceremony should be
> performed so [Defendant] can make any necessary arrangements.

Docket No. 28, p. 1-2.

While the Court has no objection to a member of the clergy performing the ceremony, there are security concerns with regard to having that occur in the lock-up facility.  Therefore, the undersigned will be available to conduct the marriage ceremony at 10:00 a.m., March 19,

---

[1]  The Court does not understand the reference to "free men" as pertaining to the incarceration status of an individual.

2012, in the undersigned's courtroom.  Normal security procedures will apply, except as approved by the U. S. Marshal Service and the Court.  The undersigned will accept no payment or gratuity for performing the ceremony.

IT IS SO ORDERED.


E. Clifton Knowles
United States Magistrate Judge